Case 1:21-cr-20537-MGC Document 1 Entered on FLSD Docket 10/28/2021 Page 1 of 8

FILED by \_\_BA\_\_ D.C.
Oct 28, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

21-20537-CR-COOKE/O'SULLIVAN

CASE NO. _____

18 U.S.C. § 1505

UNITED STATES OF AMERICA

vs.

OLGA TORRES,

Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

1. The United States Food and Drug Administration ("FDA") was the agency of the United States responsible for enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.* The FDA's purpose in enforcing the provisions of the FDCA was, among other things, to protect the public health by ensuring that drugs intended for human use were safe and effective.

2. Clinical trials, also known as clinical investigations, were research studies conducted on voluntary human subjects and designed to answer specific questions about the safety and effectiveness of new drugs. Drug developers known as "sponsors" initiated clinical trials for purposes of submitting the resultant data to the FDA.

3. Sponsors typically retained clinical investigators, also known as principal investigators, to conduct clinical trials. The clinical investigator was the individual responsible

for conducting the clinical trial at a given study site, and ensuring that the trial was conducted in compliance with the FDCA and according to its protocol. A protocol was a document that described the objectives, design, methodology, statistical considerations, and organization of a clinical trial. Clinical investigators were also required, by regulation, to prepare and maintain records, known as "case histories," that adequately and accurately documented subject participation in a clinical trial.

4. The FDA relied on the truthfulness and accuracy of clinical trial data to make regulatory decisions about the approval of new drugs, with the ultimate goal of ensuring that all FDA-approved drugs were safe and effective for their approved uses in humans.

5. The FDA had the authority to inspect a clinical investigator to ensure that the investigator was complying with the governing protocol and all applicable laws and regulations in conducting a clinical trial. The FDA's inspection authority included the authority to review case histories and other records required to be maintained by the clinical investigator.

6. Unlimited Medical Research, LLC ("Unlimited Medical Research") was a medical clinic incorporated in Miami, Florida that conducted clinical trials of new drugs for pharmaceutical company sponsors. Unlimited Medical Research's principal place of business was on Grand Canal Drive in Miami-Dade County, Miami, Florida. Between at least in or around May 2012 and at least in or around September 2017, Unlimited Medical Research was contracted to conduct clinical trials on behalf of sponsors located throughout the United States.

7. Defendant **OLGA TORRES** was a resident of Miami, Florida, and an owner of Unlimited Medical Research.

8. Among the clinical trials Unlimited Medical Research was contracted to conduct was a study (the "Study") designed to evaluate the safety and efficacy of an investigational drug

intended to treat pediatric asthma in children between the ages of 4 and 11 with persistent asthma. Dr. Yvelice Villaman Bencosme, a licensed medical doctor, was retained to serve as the clinical investigator for the Study at Unlimited Medical Research.

9. Although Dr. Bencosme and Unlimited Medical Research had been retained to conduct the Study honestly and accurately, Dr. Bencosme and certain Unlimited Medical Research employees falsified and fabricated Study case histories. Among other things, Dr. Bencosme and certain Unlimited Medical Research employees falsified case histories to make it appear that persons participated in the Study as subjects and attended scheduled visits at Unlimited Medical Research, when, in truth and in fact, those persons had not participated in the Study as subjects and had not attended scheduled visits at Unlimited Medical Research.

10. From on or about February 6, 2017, until on or about April 28, 2017, the FDA conducted a regulatory inspection of Dr. Bencosme in Dr. Bencosme's capacity as clinical investigator for the Study at Unlimited Medical Research. The purpose of the FDA inspection was to determine whether Dr. Bencosme and Unlimited Medical Research had conducted the Study in accordance with its protocol and in compliance with the FDCA.

11. On or about February 24, 2017, as part of the FDA regulatory inspection, an FDA Investigator interviewed **OLGA TORRES** at a location in Miami, within the Southern District of Florida. During the interview, **OLGA TORRES** falsely and misleadingly represented to the FDA Investigator that case histories prepared and maintained by Dr. Bencosme and certain Unlimited Medical Research employees were accurate and complete. In truth and in fact, these case histories had been falsified. **OLGA TORRES** also falsely and misleadingly represented to the FDA Investigator that subjects were seen at Unlimited Medical Research, when in truth and in fact the subjects had not attended Study visits at Unlimited Medical Research.

12.     The FDA Investigator documented **OLGA TORRES's** statements in an affidavit. On or about February 24, 2017, while the regulatory inspection remained ongoing, **TORRES** reviewed and signed an affidavit memorializing her false representations to the FDA.

## Obstruction of Agency Proceeding
## (18 U.S.C. § 1505)

1.     The General Allegations section of this Information is re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about February 24, 2017, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

## OLGA TORRES,

did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede, the due and proper administration of the law under a pending proceeding before any agency of the United States; that is, during the course of, and in relation to, the FDA regulatory inspection of Dr. Yvelice Villaman Bencosme, clinical investigator for the Study at Unlimited Medical Research, **OLGA TORRES** falsely represented to the FDA that the subjects of a clinical trial participated in the trial by attending scheduled visits at Unlimited Medical Research facility when in truth and in fact and as the defendant well knew the subjects had not participated in the clinical study by attending scheduled visits at Unlimited Medical Research facility.

In violation of Title 18, United States Code, Section 1505.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

GUSTAV W. EYLER
Director
U.S. Department of Justice
Consumer Protection Branch

JOSHUA D. ROTHMAN
MARILEE L. MILLER
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

OLGA TORRES,

_____Defendant._____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

[✓] Miami   [ ] Key West   [ ] FTL
[ ] WPB     [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days         [✓]
   II   6 to 10 days        [ ]
   III  11 to 20 days       [ ]
   IV   21 to 60 days       [ ]
   V    61 days and over    [ ]

   (Check only one)
   Petty         [ ]
   Minor         [ ]
   Misdemeanor   [ ]
   Felony        [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
JOSHUA D. ROTHMAN
DOJ Trial Attorney
Court ID No.     A5502447

*Penalty Sheet(s) attached                                                     REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:     OLGA TORRES

Case No: _____

Count #:  1

Title 18, United States Code, Section 1505

Obstruction of Agency Proceeding

*Max Penalty:   Five (5) years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Olga Torres, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*